UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MIGUEL PAREDES,

                Petitioner,

  -against-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------------------- x

09 CV 5149 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ORDER

ROSS, United States District Judge:

On December 13, 2006, petitioner Miguel Paredes pled guilty to one count of conspiracy to commit mail fraud, in violation of 18 U.S.C § 1349, and one count of bribery involving federal programs, in violation of 18 U.S.C. § 666. On September 27, 2007, this court sentenced petitioner to two concurrent seventy-two (72) month prison terms and three years of supervised release. No. 06-CR-354, Docket Entry ("D.E.") 255. No appeal was filed.

On December 17, 2007, petitioner wrote a letter to the court asking that "his time be reduced." In an Order dated January 2, 2008, this court advised petitioner that it intended to recharacterize his letter dated December 17, 2007 as constituting a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255. No. 06-CR-354, D.E. 273. It further advised petitioner of the "stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus under . . . § 2255," Adams v. United States, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam), and that the court was first required to provide petitioner with "notice and an opportunity to decline the conversion or withdraw the motion." Simon v. United States, 359 F.3d 139, 139 (2d Cir. 2004); see Castro v. United States, 540 U.S. 375 (2003). Accordingly, the



court notified petitioner that if he did not want his letter recharacterized in this manner, he must notify the court within sixty (60) days. Additionally, the Order stated that motions pursuant to § 2255 are subject to a one-year period of limitation that runs from the latest of four specified events laid out in 28 U.S.C.A. § 2255(f).

Petitioner responded by Motion filed on February 1, 2008, requesting to withdraw his letter dated December 17, 2007, noting that withdrawal of the letter "is more advantageous at this time." No. 06-CR-354, D.E. 275.

Petitioner then filed a document titled "Petition for Post Settlement and Closure of the Account Under Public Policy," on July 27, 2009, occasioning review of the court file. Review disclosed that in a filing on March 30, 2009 requesting a "valid assessment" on an investment fund, petitioner had appended a three page document titled "Objection to Proceedings, No Ratification of Commencement, Petition for Great Writ of Habeas Corpus and Petition to Dismiss with Prejudice," objecting to his incarceration based on a violation of Rule 17(a) of the Federal Rules of Civil Procedure ("Real Party in Interest"). No. 09-CV-5159, D.E. 1.

By order dated August 26, 2009, petitioner was advised that because his March 30, 2009 petition was filed more than one year after his conviction became final, his petition did not fall within the statute of limitations and was thus untimely.[1] The order directed petitioner to show cause why his petition for a writ of habeas corpus should not be dismissed as time-barred. No. 06-CR-354, D.E. 323; No. 09-CV-5159, D.E. 2.

---

[1] The judgment of conviction was entered on September 27, 2007, and petitioner's conviction became final for AEDPA purposes on Friday, October 12, 2007.

Petitioner's response, dated September 13, 2009, fails to demonstrate that the instant petition is timely or that equitable tolling is warranted. Therefore, the petition is dismissed as time-barred.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), signed into law on April 24, 1996, created a one year statute of limitations for petitioners to file for writs of habeas corpus. The one year period runs from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).

In his response to the court's August 26, 2009 Order, petitioner claims that he brings this claim as a traditional habeas corpus petition, and is thus not subject to AEDPA's gatekeeping provisions. Def.'s Response to Court's Order at 3.

In James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002), the Second Circuit held that AEDPA applies to petitions brought under the post-conviction remedy statutes, 28 U.S.C. §§ 2254 and 2255, but not to petitions brought under the "traditional" habeas statute, 28 U.S.C. § 2241. In Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997), the Second Circuit stated that a federal prisoner's challenge to the *execution* of a sentence, such as a challenge to the computation of time, is properly filed pursuant to 28 U.S.C. § 2241 rather than Section 2255,

3

because Section 2255 allows a federal prisoner to challenge only the legality of the original *imposition* of a sentence. See also James, 308 F.3d at 166.

Petitioner's petition and response to the court's August 26, 2009 Order seek to challenge the legality of the proceedings which led to his conviction. While his rationale is far from clear, petitioner essentially alleges a denial of Due Process, and argues that he was never informed of the true nature of the proceedings against him. Def.'s Response to Court's Order at 1. Thus, petitioner seeks to challenge the imposition of his sentence pursuant to 28 U.S.C. § 2255, and is therefore subject to the one year statute of limitations imposed by AEDPA. James, 308 F.3d at 166. Petitioner has otherwise failed to show why statutory tolling ought to apply.

Petitioner has also failed to demonstrate that equitable tolling should apply to defeat the statute of limitations in this case. The Court of Appeals for the Second Circuit has held that equitable tolling should be applied only in "'rare and exceptional circumstances.'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)). To qualify for equitable tolling, a petitioner "must establish that 'extraordinary circumstances prevented him from filing his petition on time,' and that he 'acted with reasonable diligence throughout the period he seeks to toll.'" Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004), cert. denied, 126 S. Ct. 489 (2005) (quoting Smith, 208 F.3d at 17). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Petitioner has failed to demonstrate any circumstances in his response

that warrant such a finding, and he has thus failed to demonstrate that equitable tolling should apply.

## CONCLUSION

Since petitioner has failed to allege any basis for statutory or equitable tolling of the one-year period of limitations and, accordingly, has failed to show cause why this motion should not be dismissed, petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby dismissed as time-barred. As this motion presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c). The court certifies that pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: November 24, 2009
Brooklyn, New York

SERVICE LIST:

Petitioner
**Miguel Paredes**
Registration Number 74192-053
FMC
Federal Medical Center
PO Box 879
Ayer, MA 01432

Cc:

**Zachary Margulis-Ohnuma**
Law Office of Zachary Margulis-Ohnuma
260 Madison Avenue
18th Floor
New York, NY 10016

Attorney for the Government

**Lan Nguyen**
United States Attorney's Office (Criminal Division)
271 Cadman Plaza East, 4th Floor
Brooklyn, NY 11201